62 F.3d 1417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Wayne DOWELL, Petitioner-Appellant,
v.
Michael J. O'DEA, III, Respondent-Appellee.
 No. 95-5183.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1995.
 
 Before: BROWN, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se Kentucky state prisoner moves for the appointment of counsel and appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On March 1, 1989, John Wayne Dowell pleaded guilty to possession of marijuana for purpose of sale. The trial court sentenced Dowell to five years probation. On May 23, 1990, a Kentucky jury found Dowell guilty of possession of a Schedule II narcotic. Dowell was sentenced to a ten year term of imprisonment. Subsequently, the state moved to revoke Dowell's probation. The trial court conducted a probation revocation hearing, and on September 5, 1990, the trial court revoked Dowell's probation and ordered the sentences to run consecutively. In his habeas corpus petition, Dowell claimed that he was denied his rights to equal protection and due process of law when the trial court and the Kentucky Department of Corrections (KDOC or Corrections Cabinet) conducted his probation revocation hearing beyond the ninety day statutory time limit required by Ky.Rev.Stat. Sec. 533.040(3) (Banks-Baldwin 1984). Dowell's claim contained two facets. First, he argued that the judgment revoking his probation was untimely. Second, he contended that his probation revocation could not result in a consecutive sentence as imposed, but should have resulted in a concurrent sentence. Dowell has exhausted his available state court remedies. Upon consideration of the respondent's motion to dismiss or for summary judgment and Dowell's response, the magistrate judge recommended that Dowell's petition be denied. The district court conducted a de novo review of the case and adopted the magistrate judge's report and recommendation over Dowell's objections. Dowell reasserts on appeal the claim set forth in the district court.
 
 
 3
 Upon review, we conclude that the district court properly denied habeas relief because Dowell did not demonstrate that he received a fundamentally unfair proceeding resulting in his unjust confinement. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 4
 Accordingly, Dowell's motion for the appointment of counsel is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's judgment dated December 22, 1994.